**PAUKERT AND TROPPMANN, PLLC**
Breean L. Beggs, WSBA 20795
Andrew S. Biviano, WSBA 38086
Mary Elizabeth Dillon, WSBA 50727
522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VINCENT A. FIATTARONE, a single man, and BRADLEY T. SHRUM AND JAN SHARDELL SHRUM, a marital community, | NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| vs. | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES AIR FORCE, | |
| Defendants. | |

VINCENT A. FIATTARONE, BRADLEY T. SHRUM AND JAN

SHARDELL SHRUM, by and through their attorneys, ANDREW S. BIVIANO,

BREEAN L. BEGGS AND MARY ELIZABETH DILLON of PAUKERT &

COMPLAINT FOR DAMAGES • Page 1

TROPPMANN, PLLC, and for claims against the Defendants, allege as follows in accordance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680:

## I.    INTRODUCTION

1.1    For decades, Defendants utilized a firefighting compound at Fairchild Air Force Base known as Aqueous Film Forming Foam ("AFFF"). AFFF contains perfluorooctanesulfonic acid ("PFOS") and related fluorochemicals that can degrade to perfluorooctanoic acid ("PFOA") or PFOS. These chemicals migrated into the groundwater surrounding Fairchild and caused widespread contamination of public and private wells in the area.

1.2    Plaintiff Fiattarone suffered financial losses when Defendants' tortious contamination of his property and groundwater caused a contracted buyer to reverse plans to purchase the property. He later sold the property for dramatically less than the contracted price, after incurring legal and maintenance expenses due to the tortious contamination. Plaintiffs Bradley and Jan Shrum suffered financial losses when they were unable to sell the crops from their family farm, which had been irrigated for decades with contaminated groundwater, and when the value of a rental home on their property was reduced due to the contamination of its water well.

COMPLAINT FOR DAMAGES • Page 2

## II.    PARTIES

2.1      Plaintiff Vincent Fiattarone, a single man, is former resident of Medical Lake, Washington who currently resides at 3303 North Lee Street, Spokane, WA 99207, both of which are in the Eastern District of Washington.

2.2      Plaintiffs Bradley and Jan Shrum, a marital community, reside at 12711 West Medical Lake Road, Spokane, WA, 99224, which is in the Eastern District of Washington.

2.3      Defendants United States of America, United States Department of Defense and United States Air Force are Federal governmental entities susceptible to suit pursuant to the Federal Tort Claims Act (FTCA).

## III.    JURISDICTION AND VENUE

3.1      Personal and subject matter jurisdiction is proper in United States District Court pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. § 1331 and § 1337.

3.2      Venue is proper in the United States District Court for the Eastern District of Washington because all acts complained of occurred in the Eastern District of Washington.

3.3      Plaintiff Fiattarone filed an administrative tort claim on November 3, 2017, in compliance with the FTCA. In a letter dated May 4, 2018, the Air Force denied Plaintiff Fiattarone's claim.

COMPLAINT FOR DAMAGES • Page 3

**PAUKERT & TROPPMANN, PLLC**
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

3.4      Plaintiffs Shrum filed an administrative tort claim on March 23, 2018. In a letter dated June 20, 2018, the Air Force denied Plaintiffs Bradley and Jan Shrum's claim.

## IV.   FACTS

4.1      Fairchild Air Force Base ("Fairchild") is located approximately twelve miles west of Spokane, Washington. It contains a firefighting training site in current use, as well as several historical firefighting training sites.

4.2      The United States Air Force ("USAF") has conducted firefighting training exercises at Fairchild from the 1970's to the present.

4.3      As part of firefighting training exercises, Fairchild, like many other U.S. military bases, has used Aqueous Film Forming Foam ("AFFF") and other materials containing perfluorooctanesulfonic acid ("PFOS") and related fluorochemicals that can degrade to perfluorooctanoic acid ("PFOA") or PFOS.

4.4      AFFF has been linked to the contamination of surface and groundwater with PFOA, PFOS and other perfluorinated chemicals ("PFC's") throughout the country.

4.5      The communities of Airway Heights and Medical Lake are nearby and downgradient of Fairchild and have widespread contamination in their water supplies as a consequence of AFFF used at Fairchild.

COMPLAINT FOR DAMAGES • Page 4

4.6     Residents of the area surrounding Fairchild receive their potable water either from private wells or from their municipal water provider.

4.7     PFOA and PFOS that originated and were released from Fairchild have contaminated numerous private and public wells relied upon by the surrounding communities.

4.8     PFOA and PFOS has been detected in levels exceeding the current EPA Health Advisory Limit of 70 parts per trillion (ppt) in both municipal and private wells that provide water to the surrounding area, including the well on property adjacent to Plaintiff Fiattarone's property and the wells on Plaintiffs Shrum's property.

4.9     Investigations have concluded that the basis for this widespread contamination of the ground water is decades of use, storage, and disposal of AFFF at Fairchild that contained PFOA and PFOS.

4.10    In or around April 2017, residents and homeowners were first made aware that the groundwater in the area was contaminated with PFC's, including PFOA and PFOS, at hazardous levels, and were advised to seek alternate drinking water supplies.

4.11    Several studies and assessments conducted by HydroGeoLogic, Inc. ("HGL"), CH2M Hill ("CH2M"), the United States Air Force, the Environmental

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

Protection Agency's Office of Water ("EPAOW"), Amec Foster Wheeler ("AFW"), and the Washington State Department of Ecology ("WSDE") all confirmed the existence of widespread PFC contamination of the groundwater resources for the area surrounding Fairchild ("Areas of Investigation").[1]

4.12    Prior investigations by the USAF and WSDE also concluded that decades of use, storage, and disposal of AFFF at Fairchild caused the PFOA and PFOS contamination of groundwater in the surrounding communities, including contaminating the municipal water system and private wells serving Airway Heights and Medical Lake.[2]

4.13    Defendants selected, purchased and utilized the AFFF at Fairchild, knowing that AFFF containing PFOA and/or PFOS presented an unreasonable risk to human health and the environment and was inherently dangerous.

4.14    Defendants also knew that PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies and other sensitive receptors, were persistent in the environment, and would bio-accumulate in humans causing serious health effects.

---

[1] U.S. Air Force Engineering Center, Fairchild Air Force Base, Washington. *Action Memorandum for a Time-Critical Removal Action Treatment of PFOS- and PFOA-Contaminated Water In Residential Wells Near Fairchild Air Force Base, Washington.* Oct 2017.
[2] Fairchild Air Force Base Washington. *Fairchild AFB Washington Administrative Record File Number 219.* Sep. 1989.

COMPLAINT FOR DAMAGES • Page 6

**PAUKERT & TROPPMANN, PLLC**
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.15    The Defendants selected, purchased and utilized firefighting products with knowledge that large quantities of AFFF, containing toxic PFC's, would need to be stored in fire suppressant systems and tanks at Fairchild.

4.16    Defendants did not exercise their Discretionary Function to consider safe means to select, utilize, store and mitigate these AFFFs, and took no action whatsoever to ensure that such systems and storage were used and maintained in such a manner that dangerous chemicals would not be released into the air, soil, and groundwater.

4.17    Defendants' contamination of the groundwater in the Fairchild vicinity violated numerous Federal and state laws and contravened express Air Force policies and Executive Orders, including but not limited to: Air Force Policy Directive 32-70; The Clean Water Act, 33 U.S.C. § 1251 (1972); Federal Facilities Pollution Control, 33 U.S.C. § 1323 (1972); Exec. Order No. 11258, 3 C.F.R. 357 (1965); Wash. Rev. Code § 7.48.010; Wash. Rev. Code § 70.54.010; and Wash. Rev. Code § 90.48.010 et seq.

4.18    The Defendants failed in their duty to warn property owners, users, bystanders, and sensitive receptors of the inherently dangerous properties of their AFFF, nor is there any record known to Plaintiffs that the Defendants considered such warnings and used their discretion to refrain from providing them.

COMPLAINT FOR DAMAGES • Page 7

4.19    Mr. Fiattarone lived at 17911 West 12th Avenue, Medical Lake, WA 99022 from 2006 - 2015. Adjacent to his Medical Lake residence, was a five-acre parcel of vacant land, Spokane County Parcel Number 15204.9049, which was also owned by Mr. Fiattarone.

4.20    Mr. Fiattarone entered into a thirty-six-month Lease with Option to Purchase for the aforementioned parcel on October 7, 2016 with one Analia Podboj (the leasor/purchaser). Per this contract, rent for the property was $474.26 per month; the total purchase price contracted for the property was $74,999.

4.21    Ms. Podboj intended to construct a family home on the parcel and had begun to arrange for a water well to be drilled, a septic system to be installed and electricity service to be connected to the property.

4.22    On or about June 1, 2017, Ms. Podboj learned about the PFOS/PFOA contamination in the area surrounding Fairchild from friends or relatives who learned about it from the news media.

4.23    When she learned about the widespread water contamination in the area, Ms. Podboj wanted to rescind her Lease with Option to Purchase agreement with Plaintiff Fiattarone because she was afraid the water and/or soil in the subject parcel might be contaminated.

4.24    On June 9, 2017, Plaintiff Fiattarone arranged, at his own expense,

COMPLAINT FOR DAMAGES • Page 8

to have the well of a neighboring property tested for PFOS/PFOA in the hopes of demonstrating to Ms. Podboj that the water under the subject property was not contaminated. That test revealed that the water in neighboring property's well had levels of PFOS/PFOA far in excess of those declared safe by the Environmental Protection Agency.

4.25    On June 24, 2017, Plaintiff Fiattarone arranged a second testing of the neighboring well. That test revealed PFOS/PFOA levels even higher than the June 9th test.

4.26    Alarmed by contaminant levels in the neighbor's well and convinced that the groundwater under the subject parcel was equally contaminated, Ms. Podboj ceased her monthly rental payments effective July 2, 2017 and requested to be released from the Lease/Purchase agreement.

4.27    On October 18, 2017, Ms. Podboj terminated the Lease with Option to Purchase in writing.

4.28    On March 26, 2018, after months of marketing the property using the services of a realtor, Mr. Fiattarone ultimately sold the parcel for $45,000, less commission. This amount was $29,999 less than the price contracted with Ms. Podboj. Furthermore, the Podboj sale had been arranged without the services (and commission) of a realtor.

COMPLAINT FOR DAMAGES • Page 9

4.29    In addition to the $29,999 reduction in the parcel's value, Mr. Fiattarone experienced an additional $14,823 in expense due to the contamination of the parcel's well with PFCs from Fairchild. These expenses included legal fees, loss of rental income, realtor commission, and water testing in an amount to be proven at trial.

4.30    Mr. Fiattarone experienced a minimum financial loss of $44,822 due to the contamination of the area water supplies with PFCs released into the groundwater by Fairchild.

4.31    Plaintiffs Bradley and Jan Shrum own a residential property with acreage at South 2024 Hayden Road, Airway Heights.

4.32    The home on the Hayden Road property is occupied by the Shrum's son and his family.

4.33    The Hayden Road property consists of two county parcels with a total of 16.82 acres.

4.34    Mr. and Mrs. Shrum, aided by their son and daughter-in-law, farm various types of wheat and hay for human consumption on the Hayden Road property. They have farmed the property since 1982.

4.35    Farming the Hayden Road parcel has been an important piece of the Shrum family income for thirty years.

COMPLAINT FOR DAMAGES • Page 10

**PAUKERT & TROPPMANN, PLLC**
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.36    The well that supplies the home and vegetable garden on the Hayden Road property was tested and found to be contaminated with levels of PFOS/PFOA far in excess of those declared safe by the Environmental Protection Agency.

4.37    The family has abandoned the vegetable garden due to built-up contamination of the soil and the potential for uptake of contamination into the garden produce.

4.38    The Hayden Road property has an additional well that supplies water to irrigate the crops on the property. It was tested and found to be contaminated with levels of PFOS/PFOA far in excess of those declared safe by the Environmental Protection Agency.

4.39    The Air Force has contracted with Mr. and Mrs. Shrum to provide a filtration system for the domestic well on the Hayden Road property. The system has been installed and is running. A sample of the filtered water was collected in October 2018, but at the time of this filing the results were not available, and the family is still not permitted to drink the water.

4.40    The Air Force has declined to mitigate the contamination of the well that irrigates the crops.

4.41    If the filtration system does not successfully eliminate the

COMPLAINT FOR DAMAGES • Page 11

**PAUKERT & TROPPMANN, PLLC**
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

contaminants from the water, the Air Force intends to hook the property up to the Airway Heights municipal water supply. If this occurs, the Shrums and any future owner of the property will pay in perpetuity a minimum of $100 per month (more in the summer months) for water, rather than the $30 per month it currently costs to maintain the well and pump.

4.42    The maximum water flow for the filtration system is ten gallons per minute. The Hayden Road domestic well previously enjoyed a water flow of thirty gallons per minute. Residents of the property will be required to stagger their water use in perpetuity due to this diminution of flow.

4.43    PFOS and PFOA have the potential to accumulate in the soil and eventually cause a cascading crop failure.

4.44    In 2017, for the first time in thirty years of farming the subject property, the Shrums experienced a massive crop failure. Their yield was fifty-five percent less than the yield in 2016.

4.45    The Shrums did not plant a crop in 2018 due to the likelihood that the crop would fail again due to the contaminated soil.

4.46    The Shrums further did not plant a crop in 2018 after local grain distributors informed them that they would not purchase their crops or seeds as they would likely be contaminated with PFOS/PFOA.

COMPLAINT FOR DAMAGES • Page 12

**PAUKERT & TROPPMANN, PLLC**
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

4.47    The Shrums further did not plant a crop in 2018 after learning that their Federal Crop Insurance carrier would not insure their crops if they are irrigated with contaminated water.

4.48    The Shrums will not be able to plant a crop in future years, unless and until a way is found to purify the irrigation water and soil from the elevated levels PFOS and PFOA they currently contain, because there is no buyer for crops grown using contaminated soil and water.

4.49    Mr. and Mrs. Shrum are incurring ongoing costs for leaving the Hayden Road land fallow: the required active weed control requires labor, wear and tear on equipment, diesel fuel and herbicides. The weed control expense will be required in perpetuity, barring development of a means to purify the land and the irrigation water.

4.50    Mr. and Mrs. Shrum are potentially liable for back taxes on their fallow land because the Hayden Road property is designated as an "Open Space." The Open Space designation requires that the land be used to generate income, which they are unable to do because of the contamination.

4.51    Mr. and Mrs. Shrum are liable for the cost of a new pivot sprinkler package they had recently purchased for the now-fallow property. Without income from crops raised on the property, they are having to find other sources to repay

COMPLAINT FOR DAMAGES • Page 13

the cost of the pivot.

4.52    Mr. and Mrs. Shrum are ineligible for an interim loan from the Farm Service Administration to assist with their payments on the pivot sprinkler, because their property would not pass the ecological portion of FSA's loan approval process due to the PFOS/PFOA contamination of the water used in the system.

4.53    Mr. and Mrs. Shrum are in violation of their contract with Natural Resources Conservation Services ("NRCS"), which assisted them with the acquisition of the pivot sprinkler system. To obtain NRCS' assistance with the purchase, they were required to warrant that they would use the subject equipment to water the property for twenty-five years. Because they are unable to plant, they are unable to comply with this agreement.

4.54    Just prior to learning of the contamination of their groundwater, Mr. and Mrs. Shrum had contracted with NRCS for purchase of a new pump for the irrigation well on the Hayden Road property.

4.55    Mr. and Mrs. Shrum have been damaged in their ability to obtain assistance in the future from NRCS because they revoked their commitment to purchase the new pump.  Although NRCS released them from their commitment to purchase the pump because the water contamination rendered the pump

COMPLAINT FOR DAMAGES • Page 14

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

unusable, an NRCS representative advised the Shrums that this revocation would remain on record as breaking an agreement with them with a potential negative effect on future dealings.

## V.    CLAIMS FOR DAMAGES

### FIRST CAUSE OF ACTION
### NEGLIGENCE

5.1    As operator of an Air Force base surrounded by farms and towns, Defendants owed a duty to Plaintiff and to all persons who might be harmed by its actions to exercise due care in the selection, use and disposal of hazardous materials such as firefighting products containing PFOS/PFOA.

5.2    Defendants knew or should have known that:

a.    Repeated, long-term deposits of firefighting foam onto the ground would readily migrate into the surrounding groundwater and into public and private wells used for domestic and agricultural purposes;

b.    PFOS/PFOA accumulates in the bodies of humans and animals and causes devastating health outcomes;

c.    The contamination of the groundwater with PFOS/PFOA would result in contamination of irrigated farmland;

d.    The contamination of the groundwater with PFOS/PFOA would result in lowered property values for affected homes and farms;

COMPLAINT FOR DAMAGES • Page 15

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

e.    PFOS/PFOA exposure in areas served by contaminated groundwater may be prevented only by obtaining an alternative water supply or installing a robust filtration system which covers all water use, domestic, outside and agricultural irrigation;

f.    PFOS/PFOA exposure in said areas contaminates soil, which has been irrigated with contaminated water, rendering it unfit for agriculture for an unknown period of time; and

g.    That property values in both towns and farms would be lowered once potential buyers were on notice that the water and soil were contaminated.

5.3    Defendants breached their duty of care to Plaintiffs by:

a.    Failing to prevent PFOS/PFOA-containing substances from entering the groundwater in the area surrounding Fairchild Air Force Base;

b.    Failing to inspect and/or test for the presence of PFOS/PFOA in the wells, soil and agricultural products in the area surrounding Fairchild Air Force Base.

c.    Failing to timely and completely remediate the contamination of the wells, soil and agricultural products in the area surrounding Fairchild Air Force Base;

d.    Failing to timely warn the public about the contamination of well

COMPLAINT FOR DAMAGES • Page 16

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

and soil in the area surrounding Fairchild Air Force Base.

5.4    As a direct and proximate result of Defendants' negligence, Plaintiffs suffered from the lowered value of their property in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**PUBLIC NUISANCE**

5.5    Defendants selected, purchased, used and failed to properly dispose of firefighting foam containing PFOS/PFOA in a manner that created and perpetuated a public nuisance that unreasonably endangers or injures the property, health, safety and comfort of the general public and Plaintiffs, causing inconvenience and annoyance in violation of RCW 7.48.130.

5.6    Defendants' intentional, negligent, and reckless acts and omissions have created widespread contamination of the well and soil of property surrounding Fairchild Air Force Base, including that owned by Plaintiffs, with PFOS/PFOA.

5.7    By their conduct, Defendants violated and continue to violate public rights and rights of the community at large to a clean and unpolluted natural environment, to safe drinking water and agricultural soil, and to normally-sustained property values.

5.8    The contamination of wells and soils with PFOS/PFOA interferes with the public's and Plaintiff's use and/or enjoyment of their property in a way that an ordinary, reasonable person would find is a substantial inconvenience and

COMPLAINT FOR DAMAGES • Page 17

annoyance.

5.9    Defendants knew, or in the exercise of reasonable care, should have known, that the use and failure to properly dispose of PFOS/PFOA-containing products on the Base would seriously and unreasonably interfere with the ordinary comfort, use and enjoyment of any property whose well and/or soil is contaminated by those products.

5.10    As a direct and proximate result of Defendants' creation of a public nuisance, Plaintiffs have suffered financial losses due to property damage caused by Defendants' contamination of the groundwater.

5.11    The harm suffered by Plaintiffs as a direct and proximate result of Defendants' creation of a public nuisance is different from the type of harm suffered by the general public.

**THIRD CAUSE OF ACTION**
**PRIVATE NUISANCE**

5.12    Plaintiffs' groundwater, well and soil have been contaminated with PFOS/PFOA.

5.13    Defendants' intentional, negligent, and reckless actions and omissions have contaminated Plaintiff's property with PFOS/PFOA in violation of RCW 7.48.130.

COMPLAINT FOR DAMAGES • Page 18

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

5.14   The presence of PFOS/PFOA in the groundwater, well and soil unreasonably interfered with Plaintiffs' use, benefit, and enjoyment of their property.

5.15   Defendants knew or, in the exercise of reasonable care, should have known that the use of PFOS/PFOA-containing products, and failure to prevent them from entering the surrounding groundwater, would seriously and unreasonably interfere with the ordinary comfort, use and enjoyment of any property known or suspected to be contaminated by these products.

5.16   As a direct and proximate result of Defendants' creation of a private nuisance, Plaintiffs have suffered financial losses in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## TRESPASS

5.17   Plaintiff Fiattarone is former owner and former actual possessor of real property in the near vicinity of Fairchild. Plaintiffs Shrum currently own and actually possess real property in the near vicinity of Fairchild.

5.18   Defendants' selected, used and failed to prevent entry into the groundwater of firefighting products containing PFOS/PFOA with the actual knowledge and/or substantial certainty that PFOS/PFOA-containing products would migrate into the nearby groundwater, causing property contamination.

COMPLAINT FOR DAMAGES • Page 19

5.19    Defendants    negligently,    recklessly    and/or    intentionally    used PFOS/PFOA-containing products in a manner that caused PFOS/PFOA to enter Plaintiffs' groundwater and contaminate Plaintiffs' groundwater, well and soil and constitutes trespass to Plaintiffs' property.

5.20    As a direct and proximate result of this trespass, Plaintiffs have suffered financial loss due to property damage in an amount to be determined at trial.

## VI.    DAMAGES

6.1    As a direct and proximate result of the facts as alleged herein, Plaintiff Fiattarone has suffered:

a)    Special Damages in an amount to be proven at trial, including but not limited to:

i)    Reduced sale price for the subject parcel.

ii)    Additional expenses and losses, including but not limited to lost rental income, legal fees, water testing, realtor fees and others.

b)    General Damages in an amount to be proven at trial including but not limited to:

i)    Emotional distress;

ii)    Loss of enjoyment of life; and

iii)    Other general damages in an amount to be proven at trial.

6.2    As a direct and proximate result of the facts as alleged herein, Plaintiffs

COMPLAINT FOR DAMAGES • Page 20

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

Jan and Bradley Shrum have suffered:

a)      Special Damages in an amount to be proven at trial, including but not limited to:

i)      Reduced property value for the subject parcel.

ii)     Lost income due to 2017 crop failure.

iii)    Lost income due to inability to plant a 2018 crop.

iv)     Lost income due to inability to plant crops in future years.

v)      Loan payments on irrigation equipment purchased for the subject property and rendered unusable by the inability to plant crops.

vi)     Higher expenses for future purchases of farm equipment caused by their revocation of the purchase of the new pump from Natural Resources Conservation Services.

vii)    Back taxes due to violation of the Open Spaces designation on the subject property.

viii)   Ongoing annual expenses for weed control on the fallow land.

b)      General Damages in an amount to be proven at trial, including but not limited to:

i)      Emotional distress;

COMPLAINT FOR DAMAGES • Page 21

PAUKERT & TROPPMANN, PLLC
Attorneys At Law
522 W. Riverside, Suite 560
Spokane, WA 99201
Telephone (509) 232-7760

ii)    Loss of enjoyment of life; and

iii)   Other general damages in an amount to be proven at trial.

## VII.  PRAYER FOR RELIEF

7.1    Special damages in an amount to be determined at trial;

7.2    General damages in an amount to be determined at trial;

7.3    Plaintiffs' statutory attorney fees and costs; and

7.4    Such other and further relief as the court deems just and equitable.

DATED November 2, 2018.

**PAUKERT & TROPPMANN, PLLC**
522 West Riverside Avenue, Suite 560
Spokane, WA 99201
Tel: 509-232-7760  Fax: 509-232-7762

By: *s/Breean L. Beggs, WSBA #20795*
BREEAN L. BEGGS, WSBA #20795

By: *s/Andrew S. Biviano, WSBA #38086*
ANDREW S. BIVIANO, WSBA #38086

By: *s/Mary Elizabeth Dillon, WSBA #50727*
MARY ELIZABETH DILLON, WSBA #50727

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES • Page 22